IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 8, 2026 Session

## CRISTA (HAYNES) JOHNSTON v. DONALD WAYNE HAYNES ET AL.

**Appeal from the Circuit Court for Wilson County**
**No. 2021-CV-551        Brody N. Kane, Judge**

___

### No. M2024-01424-COA-R3-CV

___

The appellant filed a civil suit against her adoptive parents seeking damages stemming from child sexual abuse against her for which her adoptive father pleaded guilty. After the adopted parents filed a motion for summary judgment, the trial court held a hearing 15 days after service of the motion on the appellant and later granted the motion. On appeal, the appellant raises numerous issues, including whether the trial court correctly created the record on appeal, whether recusal was necessary, and whether summary judgment was appropriate. After review, we conclude that the trial court's premature consideration of the motion necessitates vacatur and remand the matter for further proceedings. We affirm the court in all other respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Vacated in Part, and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., C.J., and WILLIAM E. PHILLIPS II, J., joined.

Crista C. Johnston, Nashville, Tennessee, pro se.

Sean R. Aiello, Franklin, Tennessee, for the appellees, Donald Wayne Haynes and Doris Ann Haynes.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

This case stems from criminal proceedings that arose out of the sexual abuse of Crista Johnston by her adoptive father, Donald Haynes, several decades ago, when Ms. Johnston was a minor. In 2020, Mr. Haynes was indicted on six counts of unlawful sexual penetration that occurred between June 1979 and November 1985, and he pleaded guilty

to these charges in August 2021. In November 2021, Ms. Johnston filed a complaint in Wilson County Circuit Court against Mr. Haynes and Doris Haynes, his wife and Ms. Johnston's adoptive mother (collectively, "Defendants"). The complaint alleged that Mr. Haynes had "unlawfully, criminally, recklessly, intentionally, negligently, and sexually molested, abused, battered, physically injured and mentally injured" Ms. Johnston and that these acts constituted negligence per se. It further alleged that Mrs. Haynes was guilty of "common law negligence, negligence per se, intentional acts, reckless acts, unlawful and criminal acts, abuse, battery by and through common and statutory laws of conspiracy." The complaint asserted that Defendants had "acted in conspiracy to fraudulently conceal" Mr. Haynes's abuse. The complaint sought damages of $1,000,000.

In December 2021, Defendants filed a motion to dismiss the complaint, asserting that Ms. Johnston had failed to state a claim upon which relief may be granted and arguing that the applicable statutes of limitations barred all claims.[1] The trial court denied the motion, finding that discovery should continue due to Ms. Johnston's claim of fraudulent concealment. In May 2023, Defendants filed a motion to dismiss for failure to join necessary parties. In response, Ms. Johnston filed a motion for a default judgment, asserting that Defendants had failed to file an answer in the over 500 days since she filed her complaint. Defendants filed their answer and a response to the motion for default in July 2023. In September 2023, the trial court ordered that depositions be completed by October 31, 2023. The court held the motion to dismiss for failure to join necessary parties in abeyance, giving Ms. Johnston until October 5, 2023, to decide whether to add the third parties. The court also stated that Defendants could renew their motion to dismiss after discovery was complete or file additional motions pursuant to Tenn. R. Civ. P. 56. In October 2023, both of Ms. Johnston's attorneys filed motions to withdraw, which the trial court granted. Ms. Johnston proceeded pro se throughout the remainder of the proceedings below and on appeal.

On April 25, 2024, Defendants filed a motion for summary judgment, asserting that the statute of limitations for Ms. Johnston's claims had expired. The trial court heard the motion 15 days later, on May 10, 2024,[2] and on May 22, 2024, entered an order granting it. In the order, the court noted that no one appeared on Ms. Johnston's behalf at the hearing on the motion and that Ms. Johnston had not responded to the statement of undisputed material facts. The court found that all of Ms. Johnston's claims were subject to the one-year statute of limitations found in Tenn. Code Ann. § 28-3-104. Additionally, the court

[1] The matter was reassigned multiple times early in the proceedings after the first two judges assigned to the case recused themselves. The matter was reassigned to Judge Brody Kane, who oversaw the remainder of the proceedings.

[2] The record includes a handwritten filing made by Ms. Johnston on May 10, 2024, in which she asserted that she did not have notice of the hearing and only learned of the hearing by fortuitously calling the clerk's office "by chance to ask a question." Ms. Johnston also asserted in this filing that Judge Kane had overseen a previous criminal matter of hers and that he should not be assigned to hear her case.

found that, to the extent that Ms. Johnston was asserting allegations of child abuse, these claims were subject to the statute of limitations contained in Tenn. Code Ann. § 28-3-116, which had also expired. Relying on testimony from Ms. Johnston's victim impact statement in Mr. Haynes's criminal matter, the court determined that no fraudulent concealment existed to toll the statute of limitations.

Ms. Johnston then filed a motion to alter or amend or to vacate the judgment, asserting several reasons in support of this motion, including that she did not have notice of the hearing or that her absence was excusable neglect. The trial court denied the motion in August 2024, finding that Ms. Johnston had failed to demonstrate a lack of adequate notice of the summary judgment hearing and that no basis existed under Tenn. R. Civ. P. 59 or 60 to change the judgment. In September 2024, Ms. Johnston filed a document titled a "motion for sanctions, to vacate judgment due to fraud upon the court, for default judgment, and for recusal of the presiding judge." This motion was not set for a hearing, and it appears the trial court did not consider it. Ms. Johnston then filed this appeal.

In November 2024, Ms. Johnston filed a proposed "statement of the evidence" concerning the summary judgment hearing. The trial court rejected the proposed statement, finding that it contained "clearly erroneous statements reflecting what occurred in the trial court." In February 2025, Ms. Johnston filed a motion seeking relief from this order, and the next month, she filed a revised statement of the evidence. On May 4, 2024, the trial court entered an order amending Ms. Johnston's statement of the evidence and declaring it final and appealable. In June 2025, Ms. Johnston again filed a motion to amend the appellate record, including a "request to compel transmission of record." In July 2025, Ms. Johnston filed a motion in this Court to supplement the record. On August 1, 2025, this Court entered an order remanding the matter to the trial court to resolve the motion and to determine whether, and to what extent, the record required supplementation. The trial court heard the motion on August 20, 2025, and determined that the record needed limited supplementation, but denied inclusion of documents never previously presented to the court. Ms. Johnston later filed a motion in this Court to take judicial notice of the documents the trial court had not included in the record.[3]

Ms. Johnston presents the following issues, which we have restated slightly for clarity: (1) whether the trial court's premature consideration of the motion for summary judgment constituted error; (2) whether the trial court erred by failing to rule on numerous motions or in creating the appellate record; (3) whether the trial court possessed a conflict of interest; and (4) whether the trial court erred by misapplying the standards for summary judgment, applying the incorrect statute of limitations, and failing to adjudicate Ms. Johnston's claims for breach of fiduciary duty, conspiracy, fraudulent concealment, and constructive fraud.

---

[3] We reserved judgment on this motion pending oral argument. As will be discussed later in this opinion, we deny the motion.

STANDARD OF REVIEW

We review a trial court's decision on a motion for summary judgment de novo, with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). In doing so, "we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In our review, we must "view the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor." *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002); *see also Acute Care Holdings, LLC v. Houston Cnty.*, No. M2018-01534-COA-R3-CV, 2019 WL 2337434, at *4 (Tenn. Ct. App. June 3, 2019).

A court should grant a summary judgment motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. A disputed fact is material if it is determinative of the claim or defense at issue in the motion. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). When the party seeking summary judgment does not have the burden of proof at trial, that party must submit evidence either "affirmatively negating an essential element of the nonmoving party's claim" or "demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264. Once the moving party has satisfied this requirement, the nonmoving party "'may not rest upon the mere allegations or denials of [its] pleading.'" *Id.* at 265 (quoting TENN. R. CIV. P. 56.06). Rather, the nonmoving party must respond and produce affidavits, depositions, responses to interrogatories, or other discovery that "set forth specific facts showing that there is a genuine issue for trial." TENN. R. CIV. P. 56.06; *see also Rye*, 477 S.W.3d at 265. If the nonmoving party fails to respond in this way, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." TENN. R. CIV. P. 56.06. If the moving party fails to show he or she is entitled to summary judgment, however, "'the non-movant's burden to produce either supporting affidavits or discovery materials is not triggered and the motion for summary judgment fails.'" *Martin*, 271 S.W.3d at 83 (quoting *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)).

ANALYSIS

Before we begin our analysis of the issues, we note that, although Ms. Johnston was originally represented by counsel in the trial court, she proceeded pro se after the withdrawal of her attorneys and remains pro se on appeal. As we have previously explained:

> Parties who decide to represent themselves are entitled to equal treatment by the court. *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014).

- 4 -

The court should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Id.* However, the court must also be mindful of the boundary between fairness to the pro se litigant and unfairness to the pro se litigant's adversary. *Id.* While the court should give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs, it must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

*Lacy v. Mitchell*, 541 S.W.3d 55, 59 (Tenn. Ct. App. 2016). Defendants begin their brief by pointing to numerous deficiencies in Ms. Johnston's brief, including citations to a nonexistent volume of the record and exhibits not included in the record. Defendants, therefore, assert that Ms. Johnston has waived her arguments. We disagree that these defects preclude appellate review.

Our Supreme Court "has repeatedly emphasized that the overall intent of the appellate rules is 'to disregard technicality in form in order to determine every appellate proceeding on its merits.'" *DiNovo v. Binkley*, 706 S.W.3d 334, 336 (Tenn. 2025) (quoting *Trezevant v. Trezevant*, 696 S.W.3d 527, 230 (Tenn. 2024)). To that end, and "[g]iven 'the importance of applying the Rules of Appellate Procedure to reach a just result,'" courts "must reasonably exercise their discretion to excuse technical deficiencies that do not significantly impede the appellate process." *Id.* (quoting *Trezevant*, 696 S.W.3d at 531). We do not believe the deficiencies in Ms. Johnston's brief significantly impede the appellate process and will address the arguments presented.

## I.    Procedural issues

We begin by addressing the procedural issues Ms. Johnston has presented: (1) whether the trial court erred in creating the record, (2) whether the trial court failed to rule on outstanding motions, and (3) whether recusal was necessary.

### a.  The record on appeal

Ms. Johnston asserts that the trial court violated our remand order directing it to determine the extent to which the record required supplementation and that this constituted an abuse of discretion. We disagree. Issues related to the record on appeal are governed by Tenn. R. App. P. 24. Pursuant to Rule 24(e):

> If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and

settled by the trial court regardless of whether the record has been transmitted to the appellate court. Absent extraordinary circumstances, the determination of the trial court is conclusive. If necessary, the appellate or trial court may direct that a supplemental record be certified and transmitted.

TENN. R. APP. P. 24(e). As provided by this rule, the trial court's determination regarding modification of the record is conclusive "absent extraordinary circumstances." *Id.* "The procedure for correction or modification of the record reflects the policy of avoiding technicality and expediting a just resolution on the merits by according deference to the trial court's decision on which matters are properly includable in the record, thereby avoiding additional litigation on that subject alone." *Bradshaw v. Daniel*, 854 S.W.2d 865, 868 (Tenn. 1993). This procedure also serves the purpose of Rule 24 "since the trial judge is in the best position to determine which matters are necessary to 'convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal.'" *Id.* at 868-69 (quoting TENN. R. APP. P. 24). Ms. Johnston asserts several reasons that we interpret as her argument for why extraordinary circumstances exist to overturn the decision of the trial court. We fail to find any persuasive.

After Ms. Johnston filed the notice of appeal, she filed a motion in this Court seeking an order directing the trial court to supplement the record. In August 2025, we remanded the matter back to the trial court "for the limited purpose of disposition of the motion" and to "determine whether and to what extent the record require[d] supplementation." The trial court held a hearing on the motion, at which Ms. Johnston did not appear, and determined that the record required limited supplementation. A supplemental volume of the record was later transmitted.[4]

Ms. Johnston asserts that, after our order remanding the matter to the trial court, the trial court denied her motion to include certain materials in the record[5] and refused to include certain filings necessary for her appeal. However, as provided in Rule 24, the trial

---

[4] The supplemental volume of the record includes Ms. Johnston's statement of the evidence as amended by the trial court.

[5] Tennessee Rule of Appellate Procedure 24(a) governs the content of the record, and provides in pertinent part:

> (a) Content of the Record. The record on appeal shall consist of: (1) copies, certified by the clerk of the trial court, of all papers filed in the trial court except as hereafter provided; (2) the original of any exhibits filed in the trial court; (3) the transcript or statement of the evidence or proceedings, which shall clearly indicate and identify any exhibits offered in evidence and whether received or rejected; (4) any requests for instructions submitted to the trial judge for consideration, whether expressly acted upon or not; and (5) any other matter designated by a party and properly includable in the record as provided in subdivision (g) of this rule.

court's determination is conclusive, absent extraordinary circumstances. Ms. Johnston's assertion that the trial court failed to comply with our remand order and refused to supplement the record is belied by the record. It appears Ms. Johnston is instead dissatisfied with the trial court's ruling; however, this is not an extraordinary circumstance.[6] This argument is unpersuasive.

### b. Failure to Recuse

Throughout her appellate brief, Ms. Johnston asserts that the trial court judge should have recused himself or that the case should be remanded with instructions to transfer it to a neutral forum. Tennessee Supreme Court Rule 10B, section 1.01 provides that a litigant seeking recusal "shall do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal." Additionally, "[t]he motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials" and "shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Id*. The filings in which Ms. Johnston asserted the trial court judge should recuse himself failed to comply with the requirements of Tenn. Sup. Ct. R. 10 § 1.01 because they were unsupported by oath or affidavit. A party is required to comply with the affidavit requirement, and Ms. Johnston's failure to do so precludes review. *See Gentry v. Gentry*, No. M2016-01765-COA-R3-CV, 2017 WL 6623387, at *3 (Tenn. Ct. App. Dec. 28, 2017).

Notwithstanding this deficiency, we have reviewed the record and conclude that Ms. Johnston's asserted bases for recusal are insufficient. Ms. Johnston asserts that the trial court judge's prior overseeing of another matter in which she was involved raised an inference of bias. However, "the mere fact that a judge has ruled adversely to a party or witness in a prior judicial proceeding is not grounds for recusal." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001). Ms. Johnston also asserts that the trial court judge's actions, and her perceived leniency of the judge towards Defendants, show prejudgment, but "even rulings that 'are erroneous, numerous and continuous, do not, without more, justify disqualification.'" *Gentry*, 2017 WL 6623387, at *3 (quoting *Alley v. State*, 882

---

[6] Ms. Johnston seeks to have this Court take judicial notice of the evidence she wanted the trial court to add to the appellate record. However, Tenn. R. Evid. 201 contemplates the judicial notice of adjudicative facts, not evidence. *See* TENN. R. EVID. 201(b). Indeed, the Advisory Comment to this rule states, in pertinent part: "Judicial notice really does not involve admission and exclusion of evidence; rather, no evidence is necessary. Part (b) limits judicial notice to a relatively small class of adjudicative facts." TENN. R. EVID. 201, Advisory Commission Comments. From her brief, it is unclear what adjudicative facts Ms. Johnston wishes us to take judicial notice of, and she is instead seeking to have this evidence included in the record through an unavailable path.

S.W.2d 810, 821 (Tenn. Crim. App. 1994)). Therefore, Ms. Johnston's arguments regarding recusal are unavailing.[7]

## II.    Summary judgment

We turn next to the trial court's decision to grant summary judgment to Defendants. Ms. Johnston asserts that the trial court's consideration of the motion less than thirty days after it was filed deprived her of a fair opportunity to respond. Defendants, to the contrary, assert that, while the trial court did err by hearing the motion less than 30 days after service of the motion, this error was harmless and does not supply a basis for reversal. Defendants also state that, should this Court determine the premature consideration of the motion prejudiced Ms. Johston, vacatur and remand are appropriate.

We begin by setting out the relevant timeline. Defendants filed their motion for summary judgment on April 25, 2024. The trial court heard the motion on May 10, 2024, and entered an order granting the motion later that month. On June 14, 2024, Ms. Johnston filed a document titled a "motion to alter or amend, to vacate judgment and for relief from judgment under Rule 59 and 60," in which she asserted that pursuant to Tenn. R. Civ. P. 60.02, granting relief was necessary to prevent manifest injustice due to her lack of notice of the hearing. The trial court denied this motion, finding that Ms. Johnston failed to demonstrate a lack of notice of the hearing[8] and noting that she had failed to file any substantive response to the motion or to the statement of undisputed facts.

---

[7] Ms. Johnston also asserts that the trial court failed to rule on several motions prior to granting summary judgment to Defendants. Based upon our review of the record, the motions were either ruled upon, not included in the record, or never set for hearing or pursued by Ms. Johnston. Therefore, we find this issue unfounded.

[8] Ms. Johnston continues to assert in her appellate brief that she did not receive notice of the hearing. However, the motion includes a certificate of service, listing Ms. Johnston's address and signed by Defendants' counsel. "Proof of service 'may be by certificate of a member of the Bar of the Court . . . or by any other proof satisfactory to the court.'" *Christy v. Christy*, No. M2021-00192-COA-R3-CV, 2022 WL 951254, at *6 (Tenn. Ct. App. Mar. 30, 2022) (quoting TENN. R. CIV. P. 5.03) (citation modified). A certificate of service constitutes prima facie evidence that a motion was served in the manner described in the certificate and creates a rebuttable presumption that the motion was received by the individual listed. *Id.* (citation modified). The complaining party may rebut the presumption by showing "clear and convincing evidence that" he or she was not served. *Jackson v. Patton*, 952 S.W.2d 404, 407 (Tenn. 1997) (citation modified). The presumption may be rebutted "if the testimony of a party is supported by other disinterested witnesses or by corroborating circumstances." *Harris v. Hensley*, No. M1999-00654-COA-R3-CV, 2000 WL 630924, at *3 (Tenn. Ct. App. May 17, 2000). However, "[a] simple denial of service by a party is never sufficient to set aside a judgment." *Id.* Whether evidence exists to rebut the presumption creates an issue of fact. *In re Adoption of S.A.W.*, No. M2007-01690-COA-R3-PT, 2008 WL 820540, at *1 (Tenn. Ct. App. Mar. 26, 2008) (citing *U.S. Life Title Ins. Co. of N. Y. v. Dep't of Com. & Ins.*, 770 S.W.2d 537, 542 (Tenn. Ct. App. 1989)).

Ms. Johnston raised the asserted lack of service in the trial court, which held a hearing and, ultimately, found that she had failed to rebut the presumption of service. On appeal, although Ms. Johnston

The timing requirements for summary judgment motions are governed by Tennessee Rule of Civil Procedure 56, which provides that "[t]he motion shall be served at least thirty (30) days before the time fixed for the hearing" and provides that the party opposing the motion "may serve and file opposing affidavits not later than five days before the hearing." TENN. R. CIV. P. 56.04. The 30-day requirement is "mandatory and not discretionary." *Craven v. Lawson*, 534 S.W.2d 653, 655 (Tenn. 1976). However, a court's failure to adhere to this rule is not, in every case, grounds to set aside the judgment below and may constitute harmless error. *Ice Stores, Inc. v. Holmes*, No. W2007-01552-COA-R3-CV, 2008 WL 4981077, at *4 (Tenn. Ct. App. Nov. 25, 2008) (citing *Teachers Ins. & Annuity Ass'n v. Harris*, 709 S.W.2d 592, 595 (Tenn. Ct. App. 1985)); *see also Millsaps v. Roe*, No. E2003-02528-COA-R3-CV, 2004 WL 1698206, at *2 (Tenn. Ct. App. July 29, 2004). To determine whether a court's error was harmless, we look to whether "there is the slightest possibility that the party opposing the motion for summary judgment has been denied the opportunity to file affidavits, take discovery depositions or amend" because a court failed to set the hearing at least 30 days after the filing of the motion. *Craven*, 534 S.W.2d at 655. If so, it is necessary to remand the case to cure the error. *Id.* In *Ice Stores, Inc.*, we stated that the circumstances to be considered include whether the premature consideration of the motion prevented the nonmovant from engaging in necessary discovery, whether the party raised the timeliness issue or sought a continuance, and whether the court's failure to wait 30 days prejudiced the nonmoving party's defense of the motion. *Ice Stores, Inc.*, 2008 WL 4981077, at *4.

We conclude that the trial court's premature consideration of the motion for summary judgment prejudiced Ms. Johnston's ability to respond, thereby prejudicing her defense of the motion. Ms. Johnston asserts that there remain disputed material facts and that she was unable to present these disputes to the trial court. She argues that genuine disputes of fact remained regarding when she discovered the abuse and whether any fraudulent concealment of the abuse occurred. She also asserts that she would have disputed whether her victim impact statement, the sole evidence the trial court relied upon in finding there to have been no fraudulent concealment, was appropriate evidence to consider. Because of the premature hearing, Ms. Johnston did not have a full opportunity to file a response to the motion and supporting materials. Therefore, the premature hearing prejudiced her defense of the motion.

We take no position on the merits of Ms. Johnston's arguments or on their likelihood of success. We simply believe that Ms. Johnston should have been afforded an opportunity to respond to the motion in the time provided by the rule. Therefore, we vacate the trial

---

continues to assert that she did not receive notice of the hearing, she points to no evidence other than her own statement to that effect. *See Home Fed. Bank, FSB v. First Nat'l Bank of LaFollette*, 110 S.W.3d 433, 440 n.5 (Tenn. Ct. App. 2002) ("[A]ssertions in briefs do not constitute facts that we can consider on appeal."). The motion included when it was set to be heard, and the certificate of service listed her address, which she confirmed in the trial court to be correct. Therefore, we agree with the trial court that Ms. Johnston failed to rebut the presumption of service and that she had notice of the hearing.

court's decision granting summary judgment and remand for further proceedings not inconsistent with this opinion.[9]

CONCLUSION

We vacate the trial court's decision to grant summary judgment and remand for further proceedings, but we affirm in all other respects. Costs of this appeal are assessed against the appellees, Donald Wayne Haynes and Doris Haynes, for which execution may issue if necessary.


/s/ Andy D. Bennett<br>ANDY D. BENNETT, JUDGE

---

[9] We acknowledge that the majority of cases to consider whether a court's premature consideration of a motion for summary judgment conclude that it was harmless error. *See, e.g.*, *Ice Stores, Inc.*, 2008 WL 4981077, at *3. However, this case presents the unique circumstance where Ms. Johnston was unable to file any response to the motion, despite having time remaining in which to do so. Cases in which we have determined that the error was harmless typically have some other factual circumstances which serve to differentiate those cases. For instance, in *Ice Stores, Inc.*, the party opposing the motion filed a response disputing certain factual allegations and contending that he would have been able to find additional evidence had the hearing been later. *Id*. at *2-4. Another case is *Craven*, in which our Supreme Court found that there were no disputed facts, making the question only one of law. *Craven*, 534 S.W.2d at 655. Here, Ms. Johnston does not agree that there are no facts genuinely in dispute. As we have recently stated, "[i]t is error for a trial court to grant a motion for summary judgment when the non-moving party has not had a meaningful opportunity to respond." *Fischiettie v. Econo Auto Painting of W. Tenn., Inc.*, No. W2025-00228-COA-R3-CV, 2026 WL 800993, at *12 (Tenn. Ct. App. Mar. 23, 2026) (citing *Craven*, 534 S.W.2d at 655). Ms. Johnston was not given a meaningful opportunity to respond before the trial court heard the motion. Further still, in another case, we determined that when the hearing "was held one day too soon," this could "hardly be considered prejudicial." *Millsaps*, 2004 WL 1698206, at *2. Ms. Johnston was not deprived of one day, but rather fifteen, or half of the time contemplated by the rule. This Court has, relatedly, determined that it was not an error for the trial court to decline to hear a motion for summary judgment when the motion was filed only seventeen days before the hearing. *See Memphis Health Ctr., Inc. ex rel. Davis v. Grant*, No. W2004-02898-COA-R3-CV, 2006 WL 2088407, at *11 (Tenn. Ct. App. July 28, 2006) (citing *Craven*, 534 S.W.2d at 655).

The trial court should also utilize remand to reconsider its analysis regarding when the claims accrued. *See* Tenn. Code Ann. § 28-1-106.